IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CV-137-D

| | |
|---|---|
| GORDON HAGGOTT BECKHART, JR. )<br>and STELLA MARIE BECKHART, )<br>      )<br>      Plaintiff-Appellants, )<br>      )<br>v. ) | **ORDER** |
| )<br>NATIONWIDE TRUSTEE SERVICES, INC., )<br>Trustee; MORTGAGE ELECTRONIC )<br>REGISTRATION SYSTEMS, INC., )<br>Beneficiary under that Deed of Trust )<br>Recorded at Book 4532, Page 746, New )<br>Hanover County Register of Deeds; and )<br>BAC LOANS SERVICING, L.P. f/k/a )<br>Countrywide Home Loans Servicing, L.P., )<br>successor-in-interest to Lumina Mortgage )<br>Company, Inc., )<br>      )<br>      Defendants-Appellees, ) | |

On July 7, 2010, Gordon H. Beckhart, Jr. and Stella M. Beckhart ("plaintiffs") filed a notice of appeal from the bankruptcy court's order denying their motion for summary judgment against Nationwide Trustee Services, Inc., Mortgage Electronic Registration Systems, Inc., and BAC Loans Servicing, L.P. ("defendants") [D.E. 1]. As explained below, the appeal is dismissed for lack of jurisdiction.

A court initially must determine whether subject matter jurisdiction exists. See, e.g., In re Computer Learning Ctrs., Inc., 407 F.3d 656, 660 (4th Cir. 2005); New Horizon of NY LLC v. Jacobs, 231 F.3d 143, 150 (4th Cir. 2000). Plaintiffs claim that this court has appellate jurisdiction under 28 U.S.C. § 158(a). Section 158(a) grants jurisdiction to federal district courts to hear

bankruptcy appeals from final judgments, orders, and decrees, and, with leave of the court, other interlocutory orders and decrees. See 28 U.S.C. § 158(a). The court has not granted plaintiffs leave to file an interlocutory appeal in this case; therefore, jurisdiction only exists if the bankruptcy court's denial of summary judgment qualifies as a final judgment, order, or decree.

A final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. Catlin v. United States, 324 U.S. 229, 233 (1945). In bankruptcy cases, the concept of finality has been applied "in a more pragmatic and less technical way . . . than in other situations." In re Computer Learning Ctrs., 407 F.3d at 660 (alteration in original) (quotation omitted); see In re Amatex Corp., 755 F.2d 1034, 1039 (3d Cir. 1985). Thus, an order in a bankruptcy case may be immediately appealed if the order finally disposes of discrete disputes within the larger case. In re Computer Learning Ctrs., 407 F.3d at 660; see In re Charter Co., 778 F.2d 617, 621 (11th Cir. 1985) ("[I]t is generally the particular adversary proceeding or controversy that must have been finally resolved, . . . . and leave nothing more for the bankruptcy court to do."). However, an order denying a motion for summary judgment is not a final order. See, e.g., Hensley v. Horne, 297 F.3d 344, 347 (4th Cir. 2002); President & Dirs. of Georgetown Coll. v. Madden, 660 F.2d 91, 96 (4th Cir. 1981). Until a final order is entered, a court "retains the power to reconsider and modify its interlocutory judgments." Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003).

Here, the bankruptcy court's denial of plaintiffs' motion for summary judgment was not a final judgment, order, or decree. See, e.g., Hensley, 297 F.3d at 347; President & Dirs. of Georgetown Coll., 660 F.2d at 96; In re Smith, 735 F.2d 459, 460–61 (11th Cir. 1984) (per curiam). The bankruptcy court did not grant summary judgment to defendants, see Fed. R. Civ. P. 56(f)(1),

or enter judgment for defendants. Cf. In re Smith, 735 F.2d at 460–61. Therefore, the court lacks jurisdiction to hear this appeal. See id. Accordingly, the appeal is DISMISSED.

SO ORDERED. This 30 day of March 2011.

*/s/ James Dever*

JAMES C. DEVER III  
United States District Judge