**SO ORDERED.**

**SIGNED this 21 day of July, 2011.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

| | |
|---|---|
| GORDON HAGGOTT BECKHART, JR., STELLA MARIE BECKHART, | CHAPTER 11 CASE NUMBER: 09-07452-8-RDD |
| **DEBTORS** | |
| GORDON HAGGOTT BECKHART, JR., STELLA MARIE BECKHART, | ADVERSARY PROCEEDING NUMBER: 09-00263-8-RDD |
| **Plaintiffs** | |
| v. | |
| NATIONWIDE TRUSTEE SERVICES, INC., Trustee; | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Beneficiary under that Deed of Trust Recorded at Book 4532, Page 746, New Hanover County Register of Deeds; | |
| BAC LOANS SERVICING, L.P. f/k/a Countrywide Home Loans Servicing, L.P., successor-in-interest to Lumina Mortgage Company, Inc., | |
| **Defendant(s)** | |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pending before the Court is the Defendants's Motion for Summary Judgment and Incorporated Memorandum of Law filed by Nationwide Trustee Services, Inc., Trustee; Mortgage Electronic Registration Systems, Inc., and BAC Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P., successor-interest to Lumina Mortgage Company, Inc. (collectively, the "Defendants") on May 31, 2011 (the "Motion") and the Response to Defendants' Motion for Summary Judgment and Incorporated Memorandum of Law filed by Gordon Haggott Beckhart, Jr. and Stella Marie Beckhart (the "Debtors") on June 21, 2011 (the "Response").

Based on the pleadings filed in this case, the memorandum of law filed by the parties, and previous arguments heard by this Court, the Court has determined no further hearing is necessary. Summary judgment is hereby **GRANTED** in favor of the Defendants.

## BACKGROUND

On August 31, 2009, the Debtors filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

On November 23, 2009, the Debtors filed this adversary proceeding seeking to invalidate the Deed of Trust, recorded in Book 4532, Pages 746-772 of the New Hanover County Register of Deeds (the "Deed of Trust"), to avoid any liens created by the Deed of Trust, and to establish that the obligation due on the underlying obligation, upon which the Deed of Trust was based, is an unsecured obligation of Gordon Beckhart (the "Male Debtor"). The Defendants allege that the Deed of Trust should not be invalidated in that it properly identifies the underlying obligation and the Deed of Trust is properly recorded.

Prior to the filing of the Motion, the Court previously considered a Motion for Summary Judgment filed by the Debtors. After notice and hearing on that motion, the Court entered its order denying summary judgment. The Debtors appealed the order. On March 30, 2011, the Honorable James C. Dever, III, issued an order whereby he determined that the United States District Court lacked jurisdiction to consider the appeal on the basis that the bankruptcy court's denial of the summary judgment motion was not a final judgment, order, or decree. *Beckhart v. Nationwide Trustee Svcs, et al.*, Case No. 7:10-CV-137-D (E.D.N.C. March 30, 2011). Judge Dever held that even though summary judgment had been denied as to the plaintiffs, summary judgment had not been granted to the Defendants, nor had judgment been entered for them, and no request had been made for an interlocutory appeal. *Id.* Therefore, the appeal was dismissed and the adversary proceeding was sent back to the Bankruptcy Court for further disposition.

Subsequently, the Defendants filed the Motion now pending before this Court.

## UNDISPUTED FACTS

On or about October 18, 2004, the real property located at 1338 South Fort Fisher Boulevard, also known as Lot 14 - Ocean Dunes Forest, Kure Beach, North Carolina 28449 (the "Real Property") was conveyed to Gordon Haggott Beckhart, Jr. (herein referred to as "Mr. Beckhart" or the "Male Debtor") by general warranty deed. Mr. Beckhart was the sole grantee shown on the deed. Subsequently, he executed a promissory note in favor of Lumina Mortgage Company, Inc. in the principal amount of four hundred twenty thousand dollars ($420,000.00) (the "Note"). Only Mr. Beckhart executed the Note as a "Borrower."[1]

---

[1] The Court notes that both Debtors initialed pages 1 through 3 of the Note on the line marked Borrower Initials.

The Note is an interest only adjustable rate note. It provides for interest only payments, scheduled to commence on December 1, 2004 and to continue for a period of ten (10) years, in the monthly amount of one thousand three hundred twelve dollars and fifty cents ($1,312.50). The initial rate of interest was three and seventy-five hundredths percent (3.75%) and the rate was set to first adjust on May 1, 2005. However, the interest rate was never to be higher than twelve percent (12%) or less than one and one-half percent (1.5%). The first principal and interest payment was to commence on November 1, 2014.

The Note is not dated. The space where a date was intended to be written is blank. A copy of the Note is recorded with the Deed of Trust in the Register of Deeds for New Hanover County, North Carolina.

The Deed of Trust and the Note contain consistent terms. The Deed of Trust and the Note both provide that Lumina Mortgage Company, Inc. is the lender who provided the funds in connection with the underlying obligation. The amount of the underlying obligation is four hundred twenty thousand dollars ($420,000.00). The documents state that the obligation must be paid in full by November 1, 2034. In addition, both documents provide that the loan number is 000002-7653 and the Mortgage Identification Number ("MIN") is 1001108-0000027653-3.

Lastly, as shown on the Note and Deed of Trust, the underlying obligation is related to the real property located at 1338 South Fort Fisher Boulevard, Kure Beach, North Carolina 28449.

## STANDARD FOR SUMMARY JUDGMENT

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp.*

4

*v. Catrett*, 477 U.S. 317, 322 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). If there is no genuine issue of material fact, and the issue to be decided is a matter of law, a ruling on a motion for summary judgment is appropriate.

## ANALYSIS

The Defendants allege that the Deed of Trust is valid. They argue that the Deed of Trust contains all of the necessary requirements to be a valid transfer of a security interest, has sufficient information to identify the underlying obligation, and was properly recorded. The Defendants assert that a valid deed of trust does not require a reference to the date of the underlying obligation.

The Debtors allege that because the Deed of Trust fails to include the date of the underlying obligation as part of its definition of "Note" and improperly lists both Debtors in its definition of "Borrower," the Deed of Trust is invalid as it does not properly identify the underlying Note. Therefore, the Debtors claim that since the Deed of Trust is invalid, the Defendants do not hold a valid security interest against the Real Property and the underlying obligation evidenced by the Note is, in fact, an unsecured obligation of the Male Debtor.

With respect to the Debtors' argument that the Deed of Trust improperly describes the borrowers, the Defendants dispute the Debtors' claim and allege that even though the Male Debtor executed the Note individually and the Deed of Trust was executed by both Debtors and appears to designate them as the "Borrower," the Deed of Trust is a Fannie Mae/Freddie Mac Uniform Deed of Trust that is drafted to address situations where there may be only one borrower obligated on a

note, yet there may be additional parties who may also hold an interest in property against which the secured obligation will attach.

Because the Deed of Trust specifically addresses the borrower(s) issue, the Defendants maintain that their lien is valid since the Deed of Trust contains all of the essential elements of a deed of trust, accurately describes the underlying obligation, establishes a valid security interest and was properly recorded.

## OMISSION OF A DATE IN DEFINITION OF TERM "NOTE" OF DEED OF TRUST DOES NOT INVALIDATE SECURITY INTEREST

The Court firsts considers the issue of whether a deed of trust must include the date of the underlying obligation for proper identification. Relying on *In re Head Grading, Co.*, 353 B.R. 122 (Bankr. E.D.N.C. 2006), the Debtors argue that the omission of the date of the Note in the Deed of Trust invalidates the Deed of Trust because, without a date, the underlying obligation is not accurately identified and therefore can be avoided pursuant to 11 U.S.C. § 544(a)(1).[2]

"In North Carolina[,] the word 'deed' ordinarily denotes an instrument in writing, signed, sealed, and delivered by the grantor whereby an interest in realty is transferred from the grantor to the grantee." *Williams v. Bd. of Education,* 284 N.C. 588, 594, 201 S.E. 2d 889, 893 (1974).

More specifically, a Deed of Trust must have (1) a competent grantor; (2) a grantee capable of holding title to the land; (3) an adequate description of the property; (4) operative words to

---

[2]Section 544(a)(1) of the Bankruptcy Code provides that the trustee (or a debtor in possession) "shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by...a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists."

6

express a conveyance; (5) proper execution by the grantor; (6) proper delivery; and (7) an acceptance by the grantee.  Patrick K. Hetrick & James B. McLaughlin, Jr., *Webster's Real Estate Law in North Carolina* § 10-6 (5th ed. 1999).

There is no dispute that the Male Debtor was a competent grantor and that the Defendant trustee was capable of holding title to the land.  The Deed of Trust contains a metes and bounds description that sufficiently identifies the property and provides for the grant of the legal interest in the property.  Furthermore, there is no dispute as to Debtors' delivery and the Defendants acceptance of the Deed of Trust.

However, in addition to the basic requirements set forth in *Webster's*, deeds of trust must also "specifically identify the debt referenced therein." *Head Grading,* 353 B.R. at 123 (interpreting *In re Foreclosure of Deed of Trust of Enderle,* 110 N.C. App. 773, 431 S.E.2d 549 (1993)).  Relying on this Court's decision in *Head Grading*, the Debtors argue the Deed of Trust does not specifically identify the underlying debt since it does not include the date of the Note.  They argue that the inclusion of the date of the Note is critical to being able to properly identify the underlying obligation.

The decision of *Head Grading* did not set out specific requirements of what information must be included in a deed of trust to "specifically identify" the underlying obligation.  *Head Grading,* 353 B.R. 122.  Instead, the Court found that the incorrect reference to an underlying obligation is fatal to the perfection of a security interest since no such obligation with the information provided in the deed of trust actually existed.  *Id.*

In *Head Grading*, the debtor, Head Grading Co., Inc., executed a deed of trust in favor of Ruby Lee Head as security for "a note of even date herewith." *Id.*  Ruby Lee Head was the mother

7

of the principal of Head Grading Co., Inc. *Id.* The deed of trust was dated July 28, 1998. *Id.* The promissory note executed by Head Grading Co., Inc. was dated July 29, 1998, not July 28, 1998. *Id.* In fact, Head Grading Co., Inc. never executed a promissory note dated July 28, 1998. *Id.* As such, no note "of even date herewith" that being July 28, 1998 ever existed. *Id.* Therefore, there was no note that matched the description set forth in Ruby Head's deed of trust. *Id.*

The Court in *Head Grading* found that the deed of trust did not create a valid lien. *Id.* In reaching its decision, the Court recognized that under North Carolina law, a deed of trust must specifically identify the underlying obligation on which its security interest is based. *Head Grading,* 353 B.R. 122. (relying on *Enderle,* 110 N.C. App. 773). Since a note did not exist with the same date as that of the deed of trust, there was no obligation that was specifically identified in the deed of trust which would satisfy the standard set forth in *Enderle*.[3] *Head Grading*, 353 B.R. 122.

The date on the deed of trust and the date on the underlying note were contradictory in *Head Grading*. *Id.* However, the facts in this case are different. On page 2 of the Deed of Trust, the term "Note" is defined as "the promissory note signed by the Borrower and dated _____[this section was left blank]." Although the Deed of Trust fails to provide the date of the Note, the Note

---

[3] Since the parties to the note and the deed of trust were related by a blood kinship in *Head Grading*, it would not be uncommon for several notes of different dates to exist among family members. *Head Grading*, 353 B.R. 122. Family members, including the parties in the *Head Grading* case, rarely utilized future advance deeds of trust that would have allowed for the attachment of a security interest to funds advanced after the date of the deed of trust. *Id.* The *Head Grading* deed of trust did not include a future advance clause, that hypothetically could have captured a "future advance" dated July 29, 1998. *Id.*

Being able to identify the appropriate underlying obligation might be more difficult in the familial situation as there could be multiple obligations between the parties. However, as in the Debtors' transaction, identifying the underlying obligation between a commercial lender and a residential homeowner borrower may not be as difficult since it would be uncommon for more than one note and/or deed of trust to exist between the parties. By recording the Note, the Defendants or their predecessors-in-interest provided additional documentation that the Note at issue is, in fact, the underlying obligation described in the Deed of Trust.

itself is undated.[4]  Therefore, these references are consistent.  Furthermore, the Note and Deed of Trust state that the "Borrower" owes the Lender four hundred twenty thousand and 00/100 dollars ($420,000.00) plus interest.  This information is also consistent with the terms of the Deed of Trust.  Both documents provide that the debt is to be paid in full no later than November 1, 2034.  All of this information contained in the definition of "Note" accurately refers to the Deed of Trust.

There are no specific requirements as to what information must be provided to properly identify an underlying obligation.  The Court declines to establish a bright line rule that in order to "specifically identify the debt referenced herein" a lender must provide a date of the underlying obligation in a deed of trust.

Instead, the Court should look at the language of the documents and the facts of each case to determine if the information provided sufficiently describes the underlying obligation.  In this case, specific and accurate terms referencing the underlying Note are shown on the Deed of Trust.[5]  More specifically, the Deed of Trust provides the proper lender information, the correct amount of money lent pursuant to the Note, the same date the last payment is due under the Note, the same reference to a loan number, the reference to MIN is the same on both documents, and the Note is recorded in sequential order in the Register of Deeds Office with the Deed of Trust, which is not required by the North Carolina Recording Act and would appear to not be the usual or standard practice of a real estate practitioner.  *See N.C.G.S. §47-17 - §47-36.1.*  Although the inclusion of a

---

[4] Section 11 of the Note provides that a deed of trust or other security interest, "*dated the same date of this Note*," provides certain protections to the lender. (emphasis added). Since the Note is undated, in order to be consistent with this section, it is only appropriate that the Deed of Trust not be dated.

[5] The Court recognizes the Note was only signed by the Male Debtor and the Deed of Trust was executed by both of the Debtors.  However, for the reasons set forth herein, this inconsistency does not invalidate the Deed of Trust.

contradictory date of the underlying obligation may invalidate a deed of trust as in *Head Grading*, the omission of such date, in this case, does not invalidate the lien created by a properly recorded deed of trust.

## INCLUSION OF SPOUSE IN DEFINITION OF "BORROWER" DOES NOT INVALIDATE DEED OF TRUST

The Defendants assert that the language in the Deed of Trust is a standard industry Fannie Mae/Freddie Mac form that specifically addresses situations where there may be more than one party who holds an ownership interest in the real property but does not execute the underlying promissory note.  Section 13 of the Deed of Trust recognizes that a party may be listed as a Borrower under the definitions section but that such individual or entity may, in fact, only be a co-signer as to the security agreement or deed of trust.  Relying on this co-signer provision, the Defendants argue that Mrs. Beckhart was not intended to be an obligor on the Note, but only to convey any interest she may have in the real property such that a trustee or the lender, in the event of a default by Mr. Beckhart in connection with the underlying obligation, could fully exercise any rights or remedies they may have against the Real Property.

The Plaintiffs argue that the security interest of the Defendants is invalid on the basis that the Deed of Trust fails to accurately identify the underlying obligation of the secured debt.  *Head Grading,* 353 B.R. at 123.  Relying on *Enderle,* the Plaintiffs assert that there is no reference in the Deed of Trust to indicate that it was given as security for an obligation created solely by the Male Debtor. 110 N.C. App. 773, 431 S.E.2d 549.  <u>See also</u> *Putnam v. Ferguson et al.*, 130 N.C. App. 95, 502 S.E.2d 386 (1998)(finding that a deed of trust improperly identified the underlying obligation and thus, determining that the lien is invalid when the deed of trust failed to describe that the grantor was entering into the security agreement to secure an obligation of a third party).

The definitions section in the Deed of Trust provides that the "Borrower is Gordon H. Beckhart and Stella M. Beckhart, Husband and Wife Tenancy by the Entirety." However, the definition section contains a caveat that it is not the only place where words are defined in the documents. It provides that additional words are defined in other sections of the document, including Sections 3, 11, 13, 18, 20, and 21.

Section 13 of the Deed of Trust provides "**Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations should be joint and several. *However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer")*: (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signers interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can extend, modify, forbear, or make any accommodations with regard to the terms of this or the Note without the co-signer's consent. (emphasis added).

Section 13 creates a subsection of persons or entities who may be included in the definition of "Borrower" but who are, in fact, not obligated on the underlying note or obligation. Those persons or entities are referred to in the Deed of Trust as co-signers. Although there is no specific reference as to which person or entity is a co-signer as opposed to an obligor under the Note, there is no specific requirement that such information be included in the deed of trust. All that is required is that the underlying obligation must be sufficiently identified. *Head Grading*, 353 B.R. 122.

Confusion exists in this case because of the use of the word Borrower in the Deed of Trust. To clarify this confusion, the Court must identify the parties to the deed of trust. A deed of trust is a three party security interest including a borrower, also referred to as the trustor; the lender or

11

beneficiary; and a third party, often designated as the trustee. Fillmore W. Galaty, Wellington J. Allaway, Robert C. Kyle, & Gary W. Taylor, *Modern Real Estate Practice in North Carolina*, p. 249 (5th ed. 2003). A lender will often require that all record owners or persons with any interest in the real property execute a deed of trust, even if such person is not obligated on the underlying debt.[6] Each of these parties would be a trustor who grants the trustee an interest in the property at issue.

In this case, the Deed of Trust provides in the definition of the word "Borrower" that a Borrower is also the trustor. As such, the definition set forth in the Deed of Trust is not necessarily a borrower as used in common parlance. Since each "Borrower" is a trustor, a lender must include anyone who may hold an interest in the subject property as part of the definition of "Borrower" if the lender wishes to exercise its rights and remedies against the whole property.

The lender must have recognized the confusion that might stem from including *any trustor that might exist* as part of the definition of "Borrower." Therefore, the lender, by adding the language of Section 13, sought to limit the definition of "Borrower" to exclude any co-signers such that the deed of trust properly identifies the obligor of the underlying obligation. See *Enderle*, 110 N.C. App. 773, 431 S.E.2d 549. (emphasis added).

The Male Debtor and his wife are listed as the Borrower in the definitions section on the first page of the Deed of Trust. Mrs. Beckhart may have held an interest in the Real Property and therefore, may have been a trustor whose consent was required to allow the lien to attach to the Real Property. As such, listing her name in the definition of "Borrower," which includes trustors, does

---

[6]In North Carolina, the joinder of a spouse in the execution of the Deed of Trust is required to perfect the lien created by the deed of trust on properties owned as tenants by the entirety. *Angell v. Echols (In re Williams)*, Adversary Proceeding No. 08-00099-8-JRL (Bankr. E.D.N.C. March 3, 2010), aff'd *Angell v. Echols*, No. 7:10-CV-136-D (E.D.N.C. March 14, 2011).

12

not contradict the terms of the Note only signed by Mr. Beckhart. The language of Section 13 clearly limits the definition and attempts to clarify that the term "Borrower" is not meant to be those parties or entities who may be obligated under the Note but, instead that a "Borrower" may, in fact, be a "co-signer" who may hold an interest in the property to be secured by the deed of trust. Therefore, by reading Section 13 of the Deed of Trust in connection with the definition of "Borrower," the Court finds that the reference to Mrs. Beckhart as a "Borrower" is not contradictory to the terms of the Note and, therefore, does not invalidate the lien created by the Deed of Trust.

The Debtors argue that this case is factually similar to *Putnam v. Ferguson* which involved a deed of trust that failed to disclose that it secured the obligations of a third party. 130 N.C. App., 502 S.E.2d 386. However, this case is factually distinguishable from *Putnam* where the deed of trust identified the debtor, yet the promissory note was signed by two different individuals. 130 N.C. App., 502 S.E.2d 386. See also *Enderle*, 110 N.C. App. 773, 431 S.E.2d 549. The deed of trust in those cases failed to provide any reference that it was executed to secure the debt of a separate and distinct third party. In this case, a note exists that was executed by the Male Debtor. There is no question that had only the Male Debtor been listed as a "Borrower" in the Note, the Deed of Trust as recorded, would be valid. Unlike the North Carolina decisions cited by the Debtors, there is no third party obligation at issue in this case and therefore, *Putnam* is not applicable to these facts.

## CONCLUSION

Based on the foregoing, the information related to the underlying obligation in the Deed of Trust is not contradictory to the terms included in the Note. The Deed of Trust properly and accurately identifies the underlying obligation and thus, is a valid lien, as a matter of law.

The Defendants' Motion for Summary Judgment is **GRANTED**. The Clerk of the Bankruptcy Court is hereby directed to enter judgment in favor of the Defendants.

**SO ORDERED.**

**END OF DOCUMENT**